Thomas P. CROSBY, Plaintiff–Appellant,

v.

NEW YORK STATE DEPARTMENT OF LABOR, Defendant–Appellee.

No. 02–9490.

United States Court of Appeals, Second Circuit.

Oct. 3, 2003.

Lanny E. Walter, Walter, Thayer & Mishler, Albany, NY, for Plaintiff–Appellant.

Frank K. Walsh, Assistant Solicitor General, (Nancy A. Spiegel), for Eliot Spitzer, Attorney General for the State of New York, Albany, NY, for Defendant–Appellee, of counsel.

Present: MESKILL, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS NOW HEREBY ORDERED, ADJUDGED, AND DECREED that the

judgment of the District Court is **AF-FIRMED**.

Plaintiff-appellant appeals from a stipulation of final judgment of the United States District Court for the Northern District of New York (Kahn, D.J.), filed December 4, 2002, that dismissed the complaint without prejudice to plaintiff's right to appeal.

The instant appeal seeks review of an order of that court, filed June 5, 2002, denying plaintiff's motion to vacate the order of Magistrate Judge Randolph F. Treece, filed October 16, 2001, and denying plaintiff's motion for leave to file a second amended complaint adding a claim under section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a). Familiarity with the facts is assumed.

The central question before us is whether the lower court abused its discretion in denying plaintiff's motion for leave to amend the complaint to add a claim under the Rehabilitation Act, where such a claim would be precluded by this Court's decision in *Garcia v. S.U.N.Y. Health Sciences Center*, 280 F.3d 98 (2d Cir.2001).

Given the posture of this case, our review is limited. The plaintiff did not attempt to distinguish *Garcia* below based on the time the plaintiff's claims accrued. We thus decline to address the question of when the state might first have knowingly waived sovereign immunity. We are, of course, bound by previous panel decisions of this court.

The judgment of the district court is AFFIRMED.